IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **KIMBERLY RENE BAKER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11CV00040 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By:  James P. Jones |
| **COMMISSIONER OF** | ) | United States District Judge |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Joseph E. Wolfe, Wolfe, Williams, Rutherford & Reynolds, Norton, Virginia, and Wolodymyr Cybriwsky, Law Office of Wolodymyr Cybriwsky, Prestonsburg, Kentucky, for Plaintiff. Eric P. Kressman, Regional Chief Counsel, Region III, M. Jared Littman, Assistant Regional Counsel, and Robert W. Kosman, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

The plaintiff, Kimberly Rene Baker, requests the court to reconsider its judgment affirming the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits and supplemental security income benefits under the Social Security Act.  *See Baker v. Astrue*, No. 1:11CV00040, 2012 WL 517541 (W.D. Va. Feb. 16, 2012).

A court may alter or amend its judgment pursuant to Federal Rule of Civil Procedure 59(e) in only three situations: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or

(3) to correct a clear error of law or prevent manifest injustice.'" *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, No. 10-2437, 2012 WL 990520, at *6 (4th Cir. Mar. 26, 2012) (quoting *Zinkand v Brown*, 478 F.3d 634, 637 (4th Cir. 2007)).

Baker argues that, in rejecting Dr. Besen's finding with respect to her right arm injury, the court erroneously failed to discern the difference between "meeting" a listed medical impairment and "equaling" a listed medical impairment. It is true that the court's earlier judgment does not specifically address whether Baker's arm injury "equals" a listed impairment. However, Dr. Besen's opinion strays so far from the listing criteria that it cannot possibly "equal" a listed impairment. Dr. Besen explicitly indicates that Baker can frequently reach, handle, finger, peel, and push/pull with her left hand. Dr. Besen also notes that Baker was able to prepare simple meals, care for her personal hygiene, and sort, handle, and use papers/files. These findings directly contradict listing criteria stating that an extreme loss of function in only one arm is not sufficient impairment. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02B (2011). Thus, relief under Rule 59(e) is not warranted on this ground.

The remainder of Baker's grounds for relief merely reargue the points that she previously raised, all of which were previously rejected. Rule 59(e) does not permit reconsideration merely to relitigate matters already determined. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

Accordingly, it is **ORDERED** that the plaintiff's Motion for Rule 59 Relief (ECF No. 22) is DENIED.

ENTER: April 2, 2012

/s/  James P. Jones
United States District Judge